
FILED
JAN 18 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEROME WANT,                         )
                                     )
        Plaintiff,                   )
                                     )
   v.                                )   Civil Action No. 1:18-cv-02876 (UNA)
                                     )
                                     )
VERIZON COMMUNICATIONS, et al.,      )
                                     )
        Defendants.                  )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* amended complaint ("Amnd. Compl."), emergency petition for injunctive relief, amended emergency petition for injunctive relief, and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application, deny the relief requested in the emergency petitions, and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). A complaint "that is excessively long, rambling, disjointed, incoherent, or full of

1

irrelevant and confusing material will patently fail [Rule 8(a)'s] standard, and so will a complaint that contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments." *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). The instant complaint falls within this category.

Plaintiff sues Verizon Communications, Oath, Inc., and Communications Workers of America. Amnd. Compl. at 1. While far from a model in clarity, it appears that the crux of plaintiff's claims arises from his disagreements with Verizon customer service over the nature and cessation of his cable and internet services. *See id.* at 1–5. Plaintiff brings both recognized and unrecognized causes of action against defendants, ranging from constitutional violations to intentional torts. He seeks injunctive relief and over $2 million in damages and justifies his requests by stating that [sic] "AS IS TYPICAL WITH FROZEN BUREAUCRATIC ORGANIZATIONS . . . [defendants] will continue to make mistakes but they are no longer responsive later to customer legitimate complaints." *Id.* at 5.

Plaintiff fails to present specific factual allegations to raise his claimed causes of action against defendants. "A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). As drafted, the complaint fails to meet the minimum pleading standard set forth in Rule 8(a). Plaintiff also fails to establish entitlement to relief or appropriate jurisdiction. Therefore, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

Date: January 13, 2019

United States District Judge